Martin, J.
delivered the opinionof the court. The pIaintiffs claim the share of Mrs. Marshal in the estate of her father, W. Wells, whose executor Mrs. Marshall, senior, is. The clause under which the claim depends, is in the fol- lowing words: "My will is, to leave all my property to my children, five in number: and I appoint my wife, Rose Meuillon, their tutrix. My will is, that my wife shall have, as I give her, the enjoyment,jouissance, of all my estate: and as my children shall arrive to full age, my wife shall pay to each of them the sum coming to him, out of my estate, in equal shares, which will be ascertained by an inventory and appraisement.
*696 West. District.
Oct. 1818.
The district court was of opinion, that "it was the intention of the testator that his wife should be tutrix of his children-that the property should remain entire in her possession- and that, as they arrived at the age of majority, she should pay them off, agreeably to the value of the estate, to be ascertained by estimation-that, by accepting the tutrixship and the property, she is bound to render an account of the fruits and revenue, and of the expenses of the maintainance and education of the defendant to be adjusted by the parish judge;" and decreed, that "the plaintiff recover one-fifth of the value of her father's estate-that is, one-fifth of the hail of the whole community, together with so much as shall appear due, alter the settlement of her mother's administration, and of her account as tutrix.
We are of opinion, that the intention of the testator was, that his wife should take his whole estate, on a fair and legal appraisement of it, made at the time of her taking possession of the estate-that he gave her a legacy of the enjoyment or usufruct of his estate, that is to say, of the interest which she would have been bound to pay, had not this legacy been made to her-that the present plaintiff is only entitled to one-fifth of such appraisement, out of which *697 any account which she may legally establish, of expenditures made for the plaintiff, is to be deducted.
I. Baldwin for the plaintiffs, Murray for the defendants.
The testator intended to give a legacy to his wife-and the words of his will do not appear to us susceptible of any other construction-perhaps he gave more than the disposable part of his estate-in that case, the legacy is reducible to that part, to wit, one-fifth of the estate. Cod. Civil, 214, art. 26.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that the cause be remanded to the district judge, for a re-hearing, with directions to ascertain whether a legal inventory and appraisement was made at the time the estate came to the hands of the executrix, if not, and whether the legacy to the wife does not exceed the disposable part of the estate: and it is ordered, that the appellees pay the cost of the appeal.